CEDAR RAPIDS AUTO. & SUPPLY COMPANY, Appellant, v.
THOMAS B. JEFFREY AND COMPANY, Appellee.

**Evidence:** LETTERS: ADMISSIBILITY. A letter written by the secretary of a corporation in the course of its correspondence with defendant, though without express knowledge of the president, is admissible in an action by the corporation for breach of

contract, where there was nothing to show the secretary's want of authority, and the same was not repudiated when brought to the knowledge of the plaintiff.

**Contract for agency:** SPECIFIED TERRITORY: BREACH.  A contract of agency for the sale of goods in certain territory which neither in express terms nor by implication creates an exclusive agency, although amounting to an agreement not to compete therein, is not violated by a sale through another to a resident in such territory; especially where the principal had no notice or knowledge that the goods were going into the agent's territory until after the sale and delivery were complete.

**Same:** RESCISSION: WAIVER.  Assuming that an agent for the sale of goods may repudiate his contract and refuse to accept and pay for goods ordered, because of the principal's refusal to manufacture and furnish new and improved types as agreed, still it is his duty to disclose his intention to rescind promptly when notified that the principal's promise will not be fulfilled; and a continuance of the relation with such knowledge will amount to a waiver of the objection.

**Same:** PARTIAL PAYMENT: RECOVERY.  The right to a return of a partial payment for goods ordered is dependent upon the right to abandon and refuse to carry out the contract of purchase; as where plaintiff under an agency contract for the sale of defendant's automobiles in certain territory, made a cash deposit with his order for a stated number, it stood in the relation of a buyer who had paid a portion of the price in advance of delivery, and could not, except for good cause, refuse to consummate the deal.

*Appeal from Superior Court of Cedar Rapids.*—Hon. J. H. Rothrock, Judge.

TUESDAY, JULY 7, 1908.

ACTION at law for the recovery of damages for breach of contract.  Judgment for defendant upon directed verdict, and plaintiff appeals.— *Modified* and *affirmed.*

*Jamison & Smyth,* for appellant.

*Dawley & Wheeler,* for appellee.

Weaver, J.— On January 20, 1906, plaintiff and defendant entered into a written contract by the terms of which defendant granted to plaintiff upon certain terms and conditions the right to sell its Rambler motor carriages in the city of Cedar Rapids and other described territory in the State of Iowa, and to refer to the plaintiff all inquiries received from said territory for automobiles of its manufacture. The first count of the petition alleges that defendant in violation of this agreement sold one or more automobiles to customers residing within said prescribed territory, and refused to pay or account to plaintiff therefor. It was also alleged that the contract was made under representations by defendant that it would produce several new styles or models of the Rambler machine for the year 1906, which promise and representation it failed to perform.

By the second count of the petition it is alleged that acting under a provision of the contract which requires an advance payment or deposit of $25 with each order for machines, plaintiff deposited with defendant the aggregate sum of $625, and that under another paragraph of said contract giving either party the right to terminate the same upon the failure of the other to observe or perform its conditions the plaintiff has elected to put an end thereto on account of the defendant's violation of its terms as set forth in the first count, and judgment is demanded for the amount of said deposit. The defendant admits the making of the contract, and admits that it has received payment or deposit from the plaintiff to the amount of $625, on orders for the purchase of twenty-five automobiles. It denies, however, that it has in any manner violated the terms of the contract. Defendant also pleads by way of counterclaim that plaintiff is indebted to it for automobile supplies and repairs furnished to the amount of $113.79, and for freight paid on plaintiff's account $58.90, for which sum it asks judgment against plaintiff. In reply plaintiff alleges that the automobile supplies and repairs furnished by the defendant have

been fully paid for, and denies any liability on the item of freight.

Pending the trial defendant dismissed its counterclaim for freight, and as the record seems to show, though this is disputed in argument, plaintiff conceded its liability to defendant for supplies to the amount of $44.26. At the close of the testimony the court ruled that plaintiff had failed to make a case for the jury and directed a verdict for the defendant upon its counterclaim in the sum of $44.26.

I.    Exception was taken to the introduction in evidence of a certain letter purporting to have been written by the plaintiff company, by its president, to the defendant. It

1. EVIDENCE: letters: admissibility.
is said the letter is not shown to have been written by any one having authority so to do. It is true that plaintiff's president says his name was signed to the communication by a stamp used by a clerk in his office, who had no authority to write letters, though he may have written some under the authority of the secretary. He further adds that he knew of the letter not very long after it was written, and while he took the secretary and clerk to task on account of it, and told them they ought not to have written such a letter, neither he nor the corporation appears to have repudiated the act of the clerk or informed the defendant of its unauthorized character. It was written from the plaintiff's office in the course of its correspondence with the defendant, and even though sent out without the express knowledge of the president there is nothing to show want of authority in the secretary to write it or cause it to be written, and the failure by plaintiff to repudiate it when the fact came to its knowledge was sufficient evidence of its ratification or approval to justify the admission of the writing in evidence.

II.    At the close of the evidence the plaintiff asked leave to file an amendment for the purpose, as it claimed, of conforming the pleadings to the proof. Leave was refused and error is assigned upon the ruling. If under the evi-

dence the plaintiff would have been entitled to go to the jury-

**2. Contract of Agency: specific territory: breach.** on its amended claim we should be inclined to sustain the exception and say the amendment should have been allowed. But a careful examination of the record convinces us that even had the desired leave been granted the motion to direct a verdict would still have rightfully been sustained. Upon any tenable theory of the meaning of the contract there is no evidence of its violation by the defendant in respect to the matters complained of. The agreement does not purport, either in express terms or by implication, to make the plaintiff the agent of defendant or to grant the plaintiff exclusive right to sell its cars in the described territory. The extent of the defendant's undertaking was to grant the plaintiff the right to sell the cars in the counties named, and to refer to plaintiff all inquiries from prospective purchasers within that territory. It did in substance agree that it would not compete with plaintiff therein, but it did not agree to protect plaintiff against sales by other dealers without its knowledge or authority. So far as appears the defendant did not make any sales in plaintiff's territory, and did not fail to refer to it any inquiries received for Rambler motors therein. The Fawkes Auto Company holding a similar contract right to sell the defendant's machines in Minnesota ordered two machines from the defendant, first directing shipment thereof to be made to Minneapolis, and later changing the destination to Austin, Minn. These motors were sold by the Fawkes Company or by its agent Hall at Austin to one Keeler, of Mason City, Iowa, which last place was within the plaintiff's territory. It is this transaction which plaintiff chiefly relies upon as constituting a violation of the contract by defendant. In ordering the cars the Fawkes Company did not disclose to the defendant its purpose to sell them to Keeler, nor is there any evidence whatever tending to show that it had any knowledge or notice that the Fawkes Company or Hall intended to sell them to any person outside

of their own territory, until after the sale and delivery were complete. The plaintiff's claim for commissions, profits, or damages because of such sales has therefore no support in the record.

III.   Of the claim that the contract was obtained under a representation or promise by defendant to put upon the market motor carriages of new and improved types or pat-

3. SAME: rescission: waiver.

terns it may well be doubted whether, conceding the truth of the allegation, it affords legal justification for plaintiff's refusal to receive and pay for cars of existing types and patterns which it had ordered, or for demanding a return of the advance payment made on such orders. But, assuming that plaintiff might on such grounds repudiate the contract, it was certainly its duty to make its objection and purpose to rescind known promptly upon receiving notice that the representation or promise would not be fulfilled.   This it did not do, but for some time thereafter continued its business relations with the defendant, recognizing the existence of the contract, and giving no sign or intimation of a purpose to make such failure a ground for putting an end to the contract until after this action was begun.   Under such circumstances it must be said as a matter of law that the objection was waived.

IV.   The contract provides that plaintiff shall pay defendant for automobiles ordered as follows:   " $25 deposited in cash with each order, the balance to be paid when the car-

4. SAME: partial payment: recovery.

riage or carriages are ready for shipment." At or about the time of the execution of the contract plaintiff ordered from defendant twenty-five carriages and at the same time paid or deposited with defendant the sum of $625 as an advance installment upon the purchase price.   The record is very meager upon this part of the transaction.   It does not show the kinds or prices of the cars so ordered, or what number if any were actually received by the plaintiff.   It should be said however that the contract provides for an extra discount or rebate from the selling price

if the sales within a given time should reach the number of twenty-five and it is perhaps a fair inference from the record that in order to secure the advantage of this rebate plaintiff made a general or blanket advance order for twenty-five automobiles which were to be shipped and paid for from time to time as it might call for them to meet the demands of its trade. With this order the deposit in question was made, and it is this sum which the plaintiff in the second count of the petition seeks to recover. The right to demand a repayment of the money is dependent on the right to abandon the contract and refuse to further comply with its terms. That question we have already decided against the plaintiff's contention. As to these cars, plaintiff stands in the relation of a buyer who has paid a part of the purchase price in advance of delivery, and it is an elementary proposition of law that it cannot without good cause refuse to consummate the deal and demand a return of the payment.

In plaintiff's reply argument it is ingeniously suggested that the contract calls for a deposit of only $25 with each order for carriages, and as there was but a single order for the twenty-five carriages a deposit of $25 only was required, and plaintiff is therefore entitled to demand a return of at least $600. Assuming for sake of argument only that this is a fair interpretation of the contract it simply shows that plaintiff chose to make a larger advance payment than it had agreed to make; but even if this be true we see no reason why the elementary rule just referred to is not still applicable. The parties evidently construed their agreement as requiring a deposit of $25 for each carriage ordered, and having voluntarily made payment on that basis plaintiff is in no position to demand its recovery without a showing of some failure of defendant to perform its contract obligation. Of this there is no evidence.

As there is some question whether the counterclaim of $44.26 allowed by the trial court was admitted by plaintiff on the trial, and the appellee offers in this court to remit the

recovery and accept a judgment for costs, the judgment appealed from will be modified accordingly, but otherwise affirmed. No additional costs appear to have been made or incurred in this court on account of the sum remitted, and none will be taxed to the appellee, but all costs will be taxed to appellant except those made in filing appellee's amended abstract, which appears to have been unnecessary.— *Modified* and *affirmed.*