### BROWN v. BABCOCK ELECTRIC CARRIAGE CO.

(Supreme Court, Trial Term, Broome County. April, 1910.)

MONEY RECEIVED (§ 6*)—DEPOSIT BY AGENT—RECOVERY.

Where, in consideration of an order for two motor cars, plaintiff was given the exclusive right to sell all styles of cars made by defendant in such territory, under an agreement that on each car ordered a deposit of $100 should be made, which should apply on the price, a deposit of $200 being made at the time of the agreement, but plaintiff only called for the shipment of one car, he cannot, in the absence of any breach of the contract by defendant, recover the deposit of $100 on the price of the second car.

[Ed. Note.—For other cases, see Money Received, Dec. Dig. § 6.*]

Action by Howard W. Brown, trading under the name of Binghamton Motor Car Company, against the Babcock Electric Carriage Company. Complaint dismissed on the merits.

U. C. Lyons, for plaintiff.

M. F. Dirnberger, Jr., for defendant.

LYON, J.   It was conceded upon the trial of this action that on the 26th day of January, 1907, the Binghamton Motor Car Company, to whose rights of action, if any, the plaintiff has succeeded, deposited with the Babcock Electric Carriage Company $200, and that thereupon a memorandum of agreement of that date was executed by the parties, by which agreement the Carriage Company, in consideration of an order placed with it by the Motor Car Company, for two Babcock motor cars, granted to the Motor Car Company the exclusive right to sell all styles of Babcock motor cars in Broome county, and in any unoccupied territory, until September 1, 1907, at which time the contract was to expire.   Such two motor cars were to be of models shown in the current edition of defendant's catalogue, and to be shipped as desired on or before September 1, 1907, the Motor Car Company to pay the defendant therefor the list price, less 20 per cent. Said contract provided that:

"The dealer is to deposit with the manufacturer one hundred dollars ($100.00) per car, on each and every car purchased, which is to apply on the purchase price of each car when shipped, and to be deducted from invoice and sight draft."

The Motor Car Company, by said agreement, contracted not to deal in any other make of electric pleasure vehicles, or to solicit orders, for, or sell, or deliver, any Babcock cars outside the territory mentioned in the contract, without first obtaining permission of the defendant.

It was also conceded upon the trial that between the time of the making of said agreement and September 1, 1907, the Motor Car Company ordered out, and there was shipped to it by the defendant, one car, upon the invoice of which $100 of the $200 so deposited was credited; that the Motor Car Company never called for the other car mentioned in said contract, nor designated to the defendant the make or kind of a car which it desired shipped, or in fact that it desired any car shipped; and that no car was in fact ever shipped, and no sight

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

draft made, and that the defendant still retains $100 of the sum so deposited. This action has been brought to recover this remaining $100. A trial by jury was waived, and the case submitted to the court for decision.

I think the plaintiff is not entitled to recover in this action. The Motor Car Company, in order to obtain the exclusive right to sell the cars of the defendant company within the prescribed territory for the season of 1907, placed with the defendant an order for two motor cars, and deposited with the defendant $100 per car. This deposit was an initial payment upon the purchase price of the cars ordered, and was an assurance to defendant that the Motor Car Company would prosecute its agency to the extent at least of disposing of two of defendant's cars. In consideration of such order and deposit, the defendant granted to the Motor Car Company such exclusive right, and no claim is made by plaintiff that the defendant sold or allowed any other agent to sell its cars within the territory during the contract period, or that defendant failed in any respect whatever to fully observe upon its part all the terms of the agreement. Thus there is presented the situation of plaintiff seeking to recover a portion of the consideration of the contract after the Motor Car Company had received and accepted the full benefit thereof. This plaintiff cannot do. Had the Motor Car Company called for the shipment of the second car, and the defendant have failed to ship it, or to apply the remaining $100 upon the purchase price thereof, or have otherwise violated the terms of the contract in a material respect, a different case would have been presented. It is not only the duty of him who seeks to recover money paid upon a contract to be ready and willing to perform upon his part, but where the acts are concurrent he must demand performance from the other party. But the Motor Car Company never demanded the shipment of the second car, and defendant was never in any way whatever in default under the contract. Hence the Motor Car Company never had the right to abandon the contract or to recover any portion of the money deposited.

For aught that appears, the defendant was at all times prepared and willing to ship any car which the Motor Car Company might designate. Whether the defendant's loss of profit by reason of the failure of the Motor Car Company to complete the purchase of the second car was less or more than the $100 remaining in defendant's hands, is not material. The case of Cedar Rapids Auto & Supply Co. v. Jeffrey & Co., 139 Iowa, 7, 116 N. W. 1054, is in many respects similar to the case at bar.

The complaint must be dismissed upon the merits.