# Huselton *v*. Eddie Bald Motor Car Co., Appellant.

*Contracts—Sales—Agency—Cancellation—Commissions.*

Where an authorized distributor of motor cars enters into a
contract with a local dealer for a given territory, agreeing to
furnish the dealer a certain quantity and variety of cars, the re-
lation thereby established is not one of agency.

If the contract made by the parties provides that either party
may cancel upon fifteen days' notice, and that upon such termina-
tion of the contract all uncompleted sales contracts or orders shall
be cancelled, the dealer cannot recover commissions upon sales he
had in hand but was unable to fill, when the other party has
terminated the contract in accordance with its terms.

Argued April 18, 1923. Appeal, No. 68, April T.,
1923, by defendant, from judgment of C. P. Butler Co.,
June T., 1920, No. 38, on verdict for plaintiff, in the case
of E. C. Huselton, trading as the Huselton Automobile
Company, v. Eddie Bald Motor Car Company. Before
PORTER, HENDERSON, TREXLER, KELLER, LINN and GAW-
THROP, JJ. Reversed.

Assumpsit to recover commissions claimed on a con-
tract for sale of automobiles. Before BEIBER, P. J.

526, (1923).] Statement of Facts—Opinion of the Court.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $925 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Charles B. Prichard,* of *Prichard* and *Trent,* and with him *James O. Campbell,* for appellant.

*John R. Henninger,* and with him *Marshall & Watson,* for appellee.

OPINION BY TREXLER, J., July 12, 1923:

This suit was brought to recover commissions of 20% for the sale by the defendant of two automobiles. There was a contract entered into by the parties which defined their relations. It gave to the plaintiff the exclusive right to sell Hudson cars in Butler County, Pennsylvania, for a certain period of time, and the defendant, Eddie Bald Motor Car Company, who was a distributor of the Hudson car, agreed to ship to the plaintiff against sight drafts the quantity and variety of Hudson cars indicated in the schedule set forth in said contract. The contract is long; the paragraphs pertinent to the controversy between the parties are as follows: (1) "The value of this agreement to both parties is dependent upon the harmonious and coöperative action of each. This agreement may at the option of either party, be cancelled at any time with or without cause, upon fifteen days' written notice sent to the last known address of the other party, and such cancellation shall operate as a cancellation for all orders for automobiles, parts or attachments, which may have been received by the distributor or the Hudson Motor Car Company from the dealer prior to the date when such cancellation takes effect, and neither party shall be rendered liable for damages on

account of such cancellation." (2) "Upon the express condition above set forth in paragraph one, and the observance by each party of the terms which follow, the distributor assigns to the dealer the exclusive right to sell Hudson motor cars during the period extending from this date to November 30, 1919, or until such time earlier than November 30, 1919, as may be elected by the other party under the provisions of paragraph one, in the territory described as Butler County, except Buffalo Township, in Pennsylvania." (3) "The distributor agrees to ship to the dealer against sight draft drawn with bill of lading attached, the quantity and variety of cars, in the months and at the prices f. o. b. Detroit, indicated in the schedule below." (16) "The dealer recognizes that the successful conduct of this agreement depends upon the harmonious coöperation of both distributor and dealer agrees to furnish the distributor with any and all information the distributor or the Hudson Motor Car Company may ask for covering prospective sales and deliveries of Hudson cars, and to give to the distributor each month, or more frequently if requested by the distributor a report showing the number of new Hudson automobiles of each type the dealer may have in stock, the number of orders he may have on hand for future delivery, the number of interested prospects, and other such vital information as the distributor may require." (25) "This agreement cancels and supersedes all previous agreements between the dealer and the distributor or any other contract the dealer may hold for the sale of Hudson motor cars in any portion of the within described territory. Further the termination of this agreement by either the distributor or the dealer shall cancel all orders for goods which may or may not have been shipped to the dealer prior to the date of notice of such termination, but such notice does not release the dealer from the payment of any sum which he may owe to the Hudson Motor Car Company or to the distributor."

The defendant on the 21st of July, 1919, sent notice to the plaintiff that they desired to cancel their contract, cancellation to go into effect August 15, 1919. This cancellation was accepted by the plaintiff in writing. Some months before the notice of cancellation on April 17, 1919, the plaintiff had had negotiations with Dr. T. M. Maxwell, and on May 27, 1919, with Milton Miller, in relation to the sale of certain Hudson cars and had orders for the same, signed by the customers. After the contract above referred to was cancelled, the defendant, the Eddie Bald Motor Car Company, delivered the cars to the parties respectively and it is the claim for the commissions, so called by the plaintiff, for the sale of these two cars which is the subject-matter of this suit. The jury found in favor of the plaintiff and the court when it entered judgment upon the verdict, stated that the filling of the orders for the cars after the cancellation of the contract was a recognition of the sale by the defendant and an affirmance of it and that the plaintiff was entitled to his commissions on such sales. There is no doubt this is an equitable view to take of the case, but can it be sustained under the provisions of the contract? The contract is peculiar. It is a mere statement of a mode of procedure, or of the business methods which are to prevail as long as both parties are satisfied with the arrangement. True it is that defendant agrees to furnish a certain number and variety of cars, but the dealer is not required to take them and he has the right to cancel the order or to advance it to some future time. When he does the seller is released from a compliance with the agreement. The effect of the termination of the agreement is to cancel all orders for goods which may or may not have been shipped to the dealer prior to the day of notice of such termination. The contract does not provide an agency, for "the distributor shall not be bound by the acts or conduct of the dealer"; it merely assigns the right to sell within a certain territory and otherwise is a case of buyer and seller. When the cancellation oc-

curred the plaintiff had no means of getting any more cars from the defendant, he could not carry out the contract with Maxwell and Miller and so informed them. When his right to handle or sell Hudson cars terminated, the orders given by the plaintiff to the defendant prior to the date when the cancellation was to take effect suffered the same fate as the contract and had no further virtue. The expressed provision which relieves the parties from any damages accruing after such cancellation was calculated to cover such a case as we are considering. The parties to whom Huselton sold the cars had no contract relation with the defendant and the contracts between Huselton and his customers did not require the approval of the defendant company, and as Huselton said, "It didn't make any difference to them who we sold them to." If the parties who had ordered the cars obtained the cars from the successor of Huselton Company to whom the right to sell Hudson cars within the territory had been given, Huselton could not complain, for his rights had ceased under the contract. The prior sale made to these parties did not enure to his benefit. The names of prospective buyers were to be turned over to the distributor after the termination of the agreement. The provisions of the contract are harsh in this respect, but we may not ignore them. The matter resolves itself down apparently to the fact that Huselton found the customers and therefore, it is claimed is entitled to his commissions, but the contract, as we said above, is not a contract for the payment of commissions, although the court so regarded it. The dealer can buy irrespective of whether he has orders for cars or not and in the contemplation of the parties, such a condition of affairs would arise, for there is a provision that the distributor may ask as to how many unsold cars the seller has in his possession at any time, and at the termination of the contract the distributor may take back such cars at the invoice price. If Huselton suffered any wrong it must have been by reason of some breach of contract by the

company and we cannot in any aspect of the case say that the company did anything which it had not the legal right to do.

The judgment of the lower court is reversed and is now entered in favor of the defendant.